No. 3727.

(Court of Appeal, Parish of Orleans.)

ALPHONSE LABARTHE vs. F. D. MAZZEI, ET. ALS.

Appeal from Civil District Court, Division "C."

Dinkelspiel & Hart, for Plaintiff and Appellant.

Rufus E. Foster, for Plaintiff and Appellee.

R. Legier and W. L. Gleason, Dufour and Dufour, H. W. Newman, A. J. Rossi, Rice and Montgomery, Gustave Lemle, Chas. A. Butler, for Defendants and Appellees.

1. Act No. 180 of 1894, entitled an act relative to contracts for buildings and the surety of workmen and furnishers of materials does not contain more than one object; nor does that portion of it which fixes liability on owners who fail to comply with the provisions of the Act relative to obtaining a bond and recording same and the contract within a certain delay, fall outside of the title; nor is it broader than the title; the Act is therefore not repugnant to Art. 29 of the Constitution of 1879, which was in force when the Act was passed.

2. Where, if by timely objection to the introduction of evidence, the plaintiff might not be entitled to a judgment, under the specific prayer of his petition, to the extent obtained, nevertheless, if evidence is received without objection and was manifestly offered and received to support the judgment subsequently based thereon, the evidence will be considered to have been admitted in response to an amended prayer filed by consent of all parties.

3. Whilst estoppel may prevail against a litigant who, in one suit, alleges that a certain person is his debtor and subsequently in another suit against a third person, on the same cause of action, alleges the latter to be his debtor, there being no joint or solidary liability of the alleged debtors, the plea to be effective must be filed in the Court of the first instance or the evidence to establish the claim must be objected to. If not filed below the plea cannot be considered on appeal

367

where it is urged for the first time, and in argument only; in any event, however, it is waived and abandoned by the introduction and reception of evidence unobjected to.

4. Where in a suit against the owner to hold him personally responsible for the claims of workmen and furnishers of materials notwithstanding he has obtained a bond and recorded it, a sufficient cause of action is disclosed if the petition alleges that the bond obtained by him is in favor of the owner and not in favor of the laborers and material men; or if the allegations are that the bond and contract were not recorded within the time prescribed by Act 180 of 1894.

5. To constitute *res-adjudicata* there must be identity of parties, capacity object and cause.

6. No order of Court is necessary for the filing of a demand in reconvention.

7. The Civil District Court of the Parish of Orleans is without jurisdiction *ratione materia* in a cause in which the matter in dispute, whether in the main or on the reconventional demand, is less than one hundred dollars exclusive of interest.

8. If an amendment is not prayed for in the answer to the appeal, none can be made in favor of appellee.

MOORE, J. On the 27th day of March, 1903, A. Labarthe entered into a written contract with Frank D. Mazzei, by which the latter undertook to build a house for the former on a certain lot of ground situated in the City of New Orleans for the sum of $3,200.00.

Subsequently, to-wit, on the 31st day of April, 1903, the Aetna Indemnity Co. of Hartford, Conn., executed its bond as surety for the faithful execution of the building contract on the part of Mazzei. Contract and bond were recorded on the 9th day of April, 1903. Mazzei defaulted on his contract, and after due notice of the default to the surety, and of the failure of the latter to carry out Mazzei's contract under the terms of its bond,

Labarthe made a contract with another builder who completed the work. Mazzei had been paid up to the time of his default, $2,200 of the contract price, the remaining $1,000.00 was applied by Labarthe to the completion of the building, with the net result of $326.75 remaining in his hands as a balance due. This sum Labarthe deposited in the registry of the court and inaugurated a proceeding in concurso, making all the material men whom Mazzei had failed to pay and who had recorded their claims so as to operate as a lien on the property, parties thereto. The defaulting builder, and his surety, the Aetna Indemnity Co., being likewise made parties to the proceeding.

The admitted creditors and the amounts due them for materials furnished to Mazzei, are as follows:

| | |
|---|---:|
| James Demoreulle & Sons | $ 488.05 |
| Peter Judlin, (Henry Mansion, Subrogatee) | 232.80 |
| Lhote Lumber Company | 752.95 |
| John Spring | 71.00 |
| Joseph V. Roca | 257.61 |
| Charles Stopper | 140.00 |
| Zimmerman Building Specialties Co., Ltd., | 19.00 |
| Durand Bros. | 47.50 |
| Salmen Brick and Lumber Co. | 188.00 |
| A. Baldwin & Co. | 63.42 |
| Total | $2260.33 |

The prayer of the petition is that after first deducting from the balance in his hands and deposited in court, ($326.75), the costs of the proceedings and $100.00 attorney's fees, the balance be appropriated *pro rata* among the creditors and their liens ordered cancelled. But that in the event any judgment should be given against him beyond the amount deposited, subject to the deductions stated, he have judgment for like amount, plus costs and $100.00 attorney's fees, against Mazzei and the Indemnity Company *in solido*.

Prior to the filing of the *concursus,* three of the creditors, to-wit, James Demoruelle & Sons, Salmen Brick and Lumber Company, and Peter Judlin, had filed suits on their respective claims, praying for judgment *in solido* against the owner, the contractor and the surety. Pleas of no cause of action were filed by Labarthe in each of these suits, but no action was taken on them by the court, nor were the cases ever put at issue or tried, for at once the *concursus* proceeding was filed, these suits were transferred to the division of the Civil District Court to which had been allotted the *concursus* proceeding, and they were consolidated therewith.

By written consent of Labarthe's counsel, the petition in the Salmen Brick and Lumber case was to be considered as an answer to the *concursus;* the other plaintiffs and all the other creditors, with the exception of A. Baldwin & Co., who made no appearance in the *concursus* at all, filed their answer, setting up the personal liability of Labarthe for the entire amount of their claims, on the ground, in some instances, that the bond was not such a bond as is required by Act 180 of 1894; in other instances, that the contract was not recorded within one week after it was signed as required by said act, and in other instances for both causes; and they prayed the rejection of the plaintiff's demand and for judgment in their favor in reconvention against Labarthe for the full amount of their claims.

Mazzci made no appearance, and the Indemnity Company answered by way of general denial.

To the several reconventional demands set up against him based upon the asserted personal liability of the owners for non-compliance with the Act of 1894, *supra,* Labarthe filed his exceptions setting up the unconstitutionality of said act, urging that it is in conflict with Article 29 of the Constitution of 1879, in force when said act was adopted, in that it contains more than

370

one object and "that portion of it which fixes liability upon owners of property and upon their property is not covered by the title and is broader than the title."

There was judgment rejecting plaintiff's proposed tableau of distribution, except as to the claim of A. Baldwin & Co., who had not answered; directing the fund deposited in the registry of the court by Labarthe, less the *pro rata* amount coming to A. Baldwin & Co., to be returned to plaintiff; and, in reconvention, in favor of all the claimants, except A. Baldwin & Co., and against plaintiff, for the full amount of their respective claims. · There was also judgment in favor of the plaintiff, against Mazzei and the Indemnity Company *in solido,* for an amount equal to the judgments rendered against him.

From this judgment plaintiff appeals, no answer being made to the appeal by any of the appellees.

It is not disputed that the bond furnished in the instant case does not conform to the requirements of Act No. 180 of 1894, as that act is interpreted in Wellman vs. Smith, 114 La. (S. Rep., Vol. 38, p. 151), and in Hughes vs. Smith, Ibid, (S. Rep., Vol. 38, p. 175); nor that the contract was not recorded within one week after it was signed. From this it follows, under the express terms of the act, that the "owner shall be personally liable for all balances due to the workmen, laborers and furnishers of materials used in the building," and that hence, Labarthe, as the owner, was justly adjudged to be indebted to the several claimants for the admitted balances due them, unless there is merit in the appellant's contention that Act 180 of 1894 is unconstitutional for the grounds *supra;* or that the several hereinafter stated exceptions and objections urged to the different claims are well founded.

We dispose at once of the question raised as to the constitutionality of the Act of 1894, *supra,* with the remark that precisely a similar objection was presented in McKeon vs. Summer Build-

ing and Supply Co., and was not sustained; the court holding the act not to be repugnant to the 29th Article of the Constitution of 1879. 51 An., at p. 1965.

We will now consider the objections raised to the respective claims and will take them up in the order in which they appear in appellant's brief:

## JAMES DEMOREULLE & SONS.

The objections urged to their right to judgment are, first, because in their answer to plaintiff's petition, "whilst they asked that plaintiff's demand be rejected, they prayed for no affirmative relief;" second, because, "having made the surety a party defendant in their suit, they are estopped from claiming that there was no bond as to them;" and third, because, "as there is a total absence of any allegations that impose liability on the plaintiff, their petition discloses no cause of action." The objection first urged is based on an error of fact. In the answer which this firm filed to the plaintiff's suit it is averred that they admit plaintiff's allegation that they had instituted a suit on their claim against plaintiff, adding: *the petition wherein is specially referred to and the allegations and prayer thereof made part hereof.*" That suit, it must be remembered, was at this time transferred to and consolidated with plaintiff's *concursus*.

Furthermore the answer prays "that the proposed *concursus* of plaintiff herein be entirely rejected as unwarranted under the law and the facts, and that respondents *have judgment as prayed for in their original petition* duly filed in this Honorable Court under the No. 71213, and for costs and all general relief." The prayer of the original petition being for a judgment *in solido* against Labarthe, the builder and the surety for the sum of $488.05, with interest and costs. On the pleadings thus constructed these claimants administered proof of their reconventional demand without objection, all parties evidently considering

372

that the prayer was sufficiently specific for "affirmative relief," as indeed it is. There is a specific prayer for judgment to be rendered in their favor according to the prayer of their petition made part of their answer, which petition at that time constituted a pleading in the *concursus* proceedings and might well have been treated as an answer thereto without the necessity of filing a separate and specific answer. It is manifest that the prayer was, at least, such a prayer as would authorize a judgment based on the evidence received, and that therefore the evidence, admitted without objection, must be regarded as having been received in response to an amended prayer, if, indeed, the prayer was not sufficiently specific and required amendment. If there had been no prayer at all, the case would be different, and would be controlled by the rule announced by us in, and relied on by the appellant, in Schloss Bros. & Co. vs. Moses Lobe's Sons, No. 1997, our Docket (March 12, 1900). There, was no prayer to amend, and we held that the unobjected to evidence could not be regarded as *supplying* a prayer. In the instant case there is a prayer, which, even if not sufficiently specific, could be amended and was amended by the reception of the evidence without objection, and which was manifestly offered for the purpose of sustaining the judgment rendered.

The argument in support of the second objection (estoppel) is to the effect that as Demorouelle & Sons sought, by their suit, to hold the surety, the Aetna Indemnity Company, liable for their claim, they thus admit the validity and binding force of the bond under the Act of 1894, *supra*, in which event they are estopped from claiming that the owner is liable for their claim.

The suit in which Demorouelle & Sons sought to hold the surety liable for their debt is the suit which was transferred to and consolidated with the *concursus,* and wherein Demorouelle & Son sought a judgment *in solido* against the owner, the builder and the surety; the allegations and prayer of which being adopted

373

as a part of their answer to the *concursus* suit. No exception of estoppel was filed below, and even if any such had been filed it must be regarded as waived and abandoned by the reception of evidence, without objection, introduced for the purpose of establishing Demorouelle & Son's claim against Labarthe, and as forming the basis of their demand in reconvention against him.

But more than this, and pretermitting the objection of the failure to file the plea below, or its waiver by the reception of evidence, without objections, if filed; there is not any estoppel under the allegations of their petition, forasmuch as they affirm therein a state of facts which do render both the owner and the surety liable *in solido; id est*, the failure to record the contract and the bond within the time prescribed by the Act of 1894, *supra*. We have repeatedly held that the mere fact that the bond and contract were not timely recorded did not release the surety, notwithstanding that the owner was, by the non-registry, made personally liable for the claims of the workmen and furnishers of materials. Widow Isaac Lichtentag vs. Feitel, et als., No. ——, of our docket, and cases therein cited, affirmed by the Supreme Court in 114 La. (37 So. Rep., p. 880). This answer the plea of no cause of action. The averment of non-registry of contract and bond, which under the Act renders the owner personally liable, should be a sufficient cause of action.

### Peter Judlin.

To the reconventional demand of this creditor, it is urged that his demand was filed without leave of court; and estoppel of like character as urged against Demoruelle & Sons is also set up. We know of no law, nor has any been indicated to us, which requires an order of court for the filing of a demand in reconvention.

What we have said above as to the alleged estoppel applies to this claimant also.

### Lhote Manufacturing Co.

The objection urged to this claimant's demand for a judg-

ment in reconvention is that it is *res-adjudicata,* this plea being filed in this Court. The averments of a plea is, that in a certain suit, No. 71176 of the docket of the Civil District Court, this claimant had obtained a judgment against the surety on the bond for the amount of this claim, alleging in its petition that "said bond was given in accordance with law and was recorded according to law," and the plea further avers that, "The Lhote Manufacturing Co. had made no claim in said suit against plaintiff." (Labarthe.) Under this latter allegation it is manifest that the instant demand of the Lhote Company has not the force of the thing adjudged. This company was not only adjudged on their present cause of action, but, according to the averments of the exception, were not even parties to the suit referred to. The primary requirement of the law, in order to constitute *res-adjudicata,* was wanting; identity of parties. If it be said that forasmuch as Lhote & Co. had alleged in the suit referred to that the bond given and the registry required by the Act of 1894, were all "according to law," it might be that they would have been estopped to now take a contrary position and urge the illegality of the bond as to form and non-registry, had the objection been timely made, or had the unobjected to evidence not been received. At any rate their instant suit is not *res-adjudicata* and the plea is overruled.

### Salmen Brick and Lumber Co., Ltd.

To this claim estoppel and the exception of no cause of action are urged.

The estoppel is of the character urged to the Demorouelle suit, and what we have said in reference to this plea in considering the latter's suit, applies here. There is no merit in the plea of "no cause of action." The petition alleges that the bond of the surety *is made in favor of the owner.*

If this is true, and for the purposes of the exception it must be taken as true, it follows, as a legal consequence, that the bond

is not the bond required by the Statute, and that the owner becomes personally responsible for the claims of the furnishers of materials (Wellman vs. Smith, et al., 114 Lap.; Hughes vs. Smith, Ibid, p. —) ; and thus a proper cause of action is shown. It is not necessary to allege the conclusion of law which sprung from the allegations of fact.

### J. V. ROCA AND CHARLES STOPPER.

The only objection used to these two claims is that as the bill annexed to their answers "gives the Aetna Indemnity Company as one of his (their) debtors, he (they) thus recognized the bond as being in his (their) favor." We take this to mean that these claimants are estopped from this fact from claiming the illegality of the bond and the resulting personal liability of the owner. This objection has already been answered above. Besides this, the basis of the claims of these two creditors against the owner and the surety is the non-registry of the contract and bond. This is the only objection urged by them in their pleadings, and, under the authorities stated above, both the owner and the surety may be lawfully held, when this constitutes the sole ground of illegality to bonds of the character under discussion.

### JOHN SPRING, ZIMMERMAN BUILDING CO., AND DURAND BROS.

The claims of these several plaintiffs in reconvention are for less than $100.00 each, and it is urged that as to them the lower court was absolutely without jurisdiction, *ratione materia;* and that consequently the judgments in their favor must be annulled and reversed.

In this contention the appellant is sustained by the plain provisions of the law. The lowest jurisdictional limit of the Civil District Court of the Parish of Orleans is, to quote from Act 133 of the Constitution, "in all cases where the amount in dispute or the fund to be distributed, shall exceed one hundred dollars exclusive of interest." Whenever a sum less than that

amount "is in dispute," whether the "dispute" arises in the main demand or in the reconventional demand, the constitutional article, *supra,* interposes its inhibition, and the Civil District Court may not determine the "dispute."

True it is that in the instant cause the Court had before it "a fund to be distributed" which exceeded $100.00, and was hence fully competent to hear and determine all "disputes" as to that fund whatever may be the amount claimed therein, and that it could, either by adopting the fund in court as the proper amount for distribution, or by increasing it, have adjudicated on the rights of all parties claimants thereto, however small their claims might have been. But the lower court did neither. It entirely rejected the *concursus;* ordered the fund deposited to be returned to the plaintiff; and, considering the reconventional demands of the several claimants as independant demands, proceeded to render judgment in their favor for the amounts respectively claimed by them, among the number, so awarded judgments, were Zimmerman Building Co., Ltd., for $19.00; Durand Bros. for $47.50, and John Spring for $71.00. The fund brought into court by Labarthe could, in view of the fact that he is personally responsible for the claims of these furnishers of materials, and should have been argumented and increased to an amount aggregating the claims of all these creditors, and a distribution then ordered on that basis, which would have yielded full payment to the claimants. In such event the lower court would have been fully competent to have allowed the claims of the three creditors whose judgments we are now discussing. So might, however, the judgment appealed from be by us corrected in this particular and made to conform to the views just expressed, were it not for the fact that we have been rendered powerless so to do by the inaction of the parties most concerned, these very creditors, for they have neither appealed nor answered the appeal praying for an amendment in this particular.

It is well settled that in the absence of such appeal or answer

and prayer for amendment the judgment cannot be amended in appellee's favor. The judgments in favor of these parties are hence nullities and they will be so ordered.

The final contention of appellant is that his judgment against Mazzei and the Aetna Indemnity Company should be increased by the sum of $100.00 for attorney's fees, which represent damages occasioned him by Mazzei's default in the work. The argument is, that through said default appellant's property became burdened with the liens of these several claimants, and litigation followed, requiring the service of a lawyer for which a fair fee of $100.00 should be allowed; that the contract stipulates that the builder shall be responsible for all damages which his default may occasion, and that as the surety is bound to the extent to which the principal is bound, judgment should likewise be rendered against the surety for that sum.

The contract does stipulate for the payment of all damages which may be occasioned by the builder's fault and the surety is liable for all damages for which the principal is answerable. A fee of $100.00 is a fair fee considering all the circumstances of the litigations, and under the authority of Mirando vs. Burg, 51 A. 1190, it will be allowed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby amended by striking out therefrom so much thereof as awards judgment in reconvention in favor of John Spring for $71.00, with interest from November 2nd, 1903, in favor of Zimmerman Building Specialties Company, Ltd., for $19.00, with interest from November 6th, 1903, and in favor of Durand Bros. for $47.00, with interest from November 16th, 1903, without prejudice to the rights of these parties to bring their suits anew against the plaintiff herein in a court of competent jurisdiction, and the judgment is further amended by increasing the judgment in favor of plaintiff and appellant, Alphonse Labarthe, and against Frank D. Mazzei as principal and the Aetna Indemnity Company as surety,

from two thousand one hundred and ninety-six 91/100 dollars, to two thousand two hundred and ninety-six 91/100 dollars, and as thus amended the judgment is affirmed.

. The costs of appeal to be paid by the appellees, John Spring, Zimmerman Building Co., Ltd., Durand Bros., F. D. Mazzei, and the Aetna Indemnity Co., the costs of the lower court, to the extent that they are incurred by John Spring, Zimmerman Building Specialties Co., and Durand Bros., to be borne by them.

May 29th, 1905.

Rehearing refused, June 27th, 1905.